**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**BRIAN M. OTIENO**                                                                          **PLAINTIFF**

**V.**                                              **CASE NO. 5:26-CV-5105**

**JUDGE DIANE B. WARREN, et al.**                                          **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 9) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. She screened the Complaint (Doc. 2) and determined that the Court lacks subject matter jurisdiction because the case concerns a domestic relations dispute currently proceeding in state court. In addition, she noted that Plaintiff Brian M. Otieno's claims against various defendants are subject to dismissal, mainly because he has sued individuals and entities that are immune from suit, including the judge presiding over his custody and child support case, the Arkansas Office of Child Support Enforcement, and the Washington County Clerk's Office. He has also sued a number of individuals who have aggrieved him during the state domestic relations suit, including his former lawyers, his children's former guardian ad litem, and his children's mother and stepfather—though his claims against these individuals fail to implicate federal constitutional questions and provide a basis for the exercise of federal subject matter jurisdiction. Finally, the Magistrate Judge observes that even if the Court could exercise jurisdiction over these claims, it should abstain under principles of comity and federalism.

1

Unsurprisingly, Mr. Otieno disagrees with the R&R and filed Objections (Doc. 10), a proposed First Amended Complaint (Doc. 11), and a Supplement with exhibits (Doc. 12). Before the Court could address these filings, Mr. Otieno filed an Emergency Motion for Temporary Restraining Order (Doc. 13) regarding the state domestic relations court's decision to impose a filing restriction on him, and an Emergency Motion to Preserve Evidence (Doc. 16) concerning the domestic relations judge's evidentiary decisions pertaining to an upcoming trial. Finaly, just today Mr. Otieno filed a Motion for Leave to File a Second Amended Complaint (Doc. 18).

In view of the Objections to the R&R, the Court has undertaken a *de novo* review of the entire record. The Magistrate Judge is correct: This Court lacks subject matter jurisdiction over this domestic relations case for the reasons stated in the R&R. Moreover, even if the Court possessed subject matter jurisdiction, it would abstain from interfering in this ongoing domestic relations case. Mr. Otieno is clearly aggrieved by a number of decisions made in state court about custody and child support matters and about the State's efforts to collect child support. But rather than lodge those objections in state court, or, if necessary, appeal any adverse decisions to a higher state tribunal, he has asked this federal court to interrupt the state proceedings and substitute its own judgment—which it will not do. Abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971).

The Court has reviewed the proposed First and Second Amended Complaints and finds that neither cures the jurisdictional defects discussed above and in the R&R, nor does either one adequately address why the Court should not abstain from intervening in

the state court case. Accordingly, it would be futile to permit either amended pleading to proceed.

**IT IS THEREFORE ORDERED** that the Objection is **OVERRULED**, the R&R is **ADOPTED IN ITS ENTIRETY**, and the case is **DISMISSED**. All other pending motions are **DENIED AS MOOT**. The case is **CLOSED**.

**IT IS SO ORDERED** on this 3rd day of June, 2026.

*/s/ Timothy L. Brooks*
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE